IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CAPITALPLUS EQUITY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. _____ |
| | ) |
| TUTOR PERINI CORPORATION and | ) |
| TUTOR PERINI BUILDING CORP., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Comes CapitalPlus Equity, LLC, ("CapitalPlus"), through counsel, and for its cause of action would show unto the Court as follows:

## THE PARTIES

1. Plaintiff CapitalPlus is a Nevada limited liability company with its principal place of business in Knoxville, Tennessee.

2. Defendant Tutor Perini Corporation ("TPC") is a Massachusetts corporation with its principal place of business in Sylmar, California. TPC has been registered to do business in the state of Tennessee since March 19, 1993, and is therefore subject to the personal jurisdiction of this Court. TPC may be served with process by the delivery of the summons and a copy of this complaint to its registered agent for service of process, CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919.

3. Defendant Tutor Perini Building Corp. ("TPBC") is a wholly owned subsidiary of TPC. TPBC is an Arizona corporation with its principal place of business in Phoenix, Arizona. TPBC has been registered to do business in the state of Tennessee since October 25, 1982, and is therefore subject to the personal jurisdiction of this Court. TPBC may be served with process by

the delivery of the summons and a copy of this complaint to its registered agent for service of process, CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919.

JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 inasmuch as (i) CapitalPlus is a Nevada limited liability company with its principal office in Knoxville, Tennessee, and is therefore a citizen of both Nevada and Tennessee for purposes of 28 U.S.C. § 1332(c)(1); (ii) defendant TPC is a Massachusetts corporation with its principal place of business in Sylmar, California, and is therefore a citizen of both Massachusetts and California for purposes of 28 U.S.C. § 1332(c)(1); (iii) defendant TPBC is an Arizona corporation with its principal place of business in Phoenix, Arizona, and is therefore a citizen of Arizona for purposes of 28 U.S.C. § 1332(c)(1); and (iv) the matter in controversy exceeds the sum of $75,000.00.

5. Pursuant to 28 U.S.C. §1391, venue of this action is proper in this Court.

THE MASTER AGREEMENT WITH THE ESPINOSA GROUP, LLC

6. CapitalPlus and The Espinosa Group, LLC ("Espinosa") entered into a Master Accounts Receivable Purchase and Security Agreement dated October 3, 2014, and two amendments thereto (collectively, "the Master Agreement"). Pursuant to the Master Agreement, CapitalPlus factored certain of Espinosa's receivables, subject to Espinosa's obligation to repurchase the receivables under certain conditions, and CapitalPlus made advances to Espinosa, which Espinosa agreed to use to pay for labor and material on specified construction projects on which it was a subcontractor.

7. In the Master Agreement, Espinosa granted CapitalPlus a security interest in its accounts receivable and other assets to secure its obligations to CapitalPlus thereunder.

## THE SUNY PROJECT

8. On November 27, 2013, Espinosa entered into a subcontract with TPC, which was the general contractor on the SUNY New Academics Building School of Public Health project ("the SUNY Project"), located in New York, New York. The subcontract was for drywall and ceiling work.

9. Espinosa represented and agreed that certain of the funds obtained from CapitalPlus pursuant to the Master Agreement would be used to fund its labor and material costs on the SUNY Project.

10. CapitalPlus, Espinosa and TPC entered into four identical letter agreements, dated November 4, 2014, January 23, 2015, April 28, 2015 and May 28, 2015 respectively, copies of which are attached hereto as EXHIBIT 1, EXHIBIT 2, EXHIBIT 3 and EXHIBIT 4 respectively.

11. EXHIBITS 1-4 each states in part:

> CapitalPlus Equity, LLC is the assignee of all The Espinosa Group's present and future accounts receivable. . . [P]ayment of all accounts now or hereafter owed by you to The Espinosa Group should only be mailed directly to CapitalPlus Equity, LLC. . .
> 
> x x x
> 
> For our mutual benefit, should either CPE or Tutor Perini Corp find it necessary to retain counsel to enforce our rights against the other regarding any dispute arising out of our transactions with The Espinosa Group, the prevailing party shall recover its attorneys fees and expenses from the unsuccessful party.
> 
> x x x
> 
> Furthermore all parties acknowledge receipt of good and valuable consideration for entering this Agreement. This notice shall remain in full force and effect until you are notified in writing by CapitalPlus Equity to the contrary.

12. CapitalPlus never notified TPC that it should not send to CapitalPlus the payments which TPC owed to Espinosa on the SUNY Project.

13. Upon information and belief, CapitalPlus states that TPBC, a wholly owned subsidiary of TPC, was TPC's agent for purposes of the SUNY project.

3

14. CapitalPlus, Espinosa and TPBC entered into a letter agreement dated August 12, 2015, a copy of which is attached hereto as EXHIBIT 5.

15. EXHIBIT 5 provides in part:

This letter shall serve to confirm that all work performed to complete The Espinosa Group's payment application # 15 for May 2015 in the amount of $151,331.20 related to the above referenced project has been inspected and approved by Tutor Perini and will be included in Tutor Perini's payment application to the Owner. Furthermore, all subsequent payment applications once approved and submitted to the owner by the Project Manager will be subject to this letter.

  x        x        x

The Espinosa Group, Inc. has pledged its accounts receivable to CapitalPlus Equity, LLC as security for a loan or loans. Please make payment relating to payment application #15 and all subsequent payment applications jointly to "The Espinosa Group, Inc." and "CapitalPlus Equity, LLC" and mail such payment to CapitalPlus Equity, LLC, P.O. 24118, Knoxville, TN 37933. CapitalPlus Equity, LLC is relying upon this letter and the representation of Tutor Perini Building Corp. to advance funds to The Espinosa Group, Inc.

16. Upon information and belief, TPBC executed EXHIBIT 5 as the agent of TPC on the SUNY Project.

17. Section 4 of Exhibit C to the subcontract agreement between Espinosa and TPC on the SUNY Project provides that New York law controls.

18. McKinney's Uniform Commercial Code § 9-406(a) states as follows:

(a) Discharge of account debtor; effect of notification. Subject to subsections (b) through (h), an account debtor on an account, chattel paper, or a payment intangible may discharge its obligation by paying the assignor until, but not after, the account debtor receives a notification, authenticated by the assignor or the assignee, that the amount due or to become due has been assigned and that payment is to be made to the assignee. After receipt of the notification, the account debtor may discharge its obligation by paying the assignee and may not discharge the obligation by paying the assignor.

19. For purposes of McKinney's Uniform Commercial Code § 9-406(a) and the payments owed by TPC to Espinosa on the SUNY Project, the account debtor is TPC, the

4

assignor is Espinosa, and the assignee is CapitalPlus.

20. Pursuant to the terms of EXHIBITS 1-5 and its obligations under McKinney's Uniform Commercial Code § 9-406(a), from and after November 4, 2014, the date of EXHIBIT 1, TPC was required to make payments to CapitalPlus for any amounts owed to Espinosa for its work on the SUNY Project.

21. TPC breached its obligations under EXHIBITS 1-5 and McKinney's Uniform Commercial Code § 9-406(a) by making payments on the SUNY Project to Espinosa, and not to CapitalPlus. For such breaches, TPC is liable to CapitalPlus for all amounts paid to Espinosa on the SUNY Project from and after November 4, 2014, the date of EXHIBIT 1, in an amount not less than $911,935.51, plus attorney's fees, as provided for in EXHIBITS 1-4, and prejudgment interest as provided by McKinney's CPLR § 5001 and T. C. A. § 47-14-123.

22. In the alternative, pursuant to the terms of EXHIBIT 5 and its obligations under McKinney's Uniform Commercial Code § 9-406(a), from and after August 12, 2015, the date of EXHIBIT 5, TPBC was required to make payments to CapitalPlus for any amounts owed to Espinosa for its work on the SUNY Project.

23. In the alternative, TPBC breached its obligations under EXHIBIT 5 and under McKinney's Uniform Commercial Code § 9-406(a), by making payments on the SUNY Project to Espinosa, and not to CapitalPlus. For such breaches, TPBC is liable to CapitalPlus for all amounts paid to Espinosa on the SUNY Project from and after August 12, 2015, the date of EXHIBIT 5, in an amount not less than $911,935.51 and prejudgment interest thereon as provided by McKinney's CPLR § 5001 and T. C. A. § 47-14-123.

## PRAYERS FOR RELIEF

WHEREFORE, CapitalPlus prays for the entry of a judgment against Tutor Perini Corporation in an amount not less than $911,935.51 and prejudgment interest thereon; the entry of a judgment against Tutor Perini Building Corp. in an amount not less than $911,935.51 and prejudgment interest thereon; attorney's fees; and for such other, further and general relief to which it may be entitled.

/s/ W. Morris Kizer
W. Morris Kizer
(BPR No. 1571)
Gentry, Tipton & McLemore, P.C.
P.O. Box 1990
Knoxville, Tennessee 37901
Telephone: (865) 525-5300
Facsimile: (865) 523-7315
Email: wmk@tennlaw.com
Attorney for CapitalPlus Equity, LLC