UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CAPITALPLUS EQUITY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-178-TAV-DCP |
| | ) | |
| TUTOR PERINI CORPORATION AND | ) | |
| TUTOR PERINI BUILDING CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 52] of the District Judge.

Now before the Court is a Second Motion to Intervene [Doc. 50], filed by The Espinosa Group, Inc., Juan Espinosa, Carol Espinosa, Michael Espinosa, and Jamiju, LLC (collectively, "Movants"). Specifically, Movants request that they be permitted to intervene in the arbitration to be scheduled. The parties have filed Responses [Docs. 54, 55] in opposition to the Motion. The Motion is ripe for adjudication. Accordingly, for the reasons set forth below, the Court **RECOMMENDS** that Movants' Motion [**Doc. 50**] be **DENIED**.

**I.     POSITIONS OF THE PARTIES**

Movants assert [Doc. 50] that they previously attempted to intervene in this cause on August 7, 2018, pursuant to Federal Rule of Civil Procedure 24, and that the parties opposed intervention. Movants state that on January 8, 2019, the Court entered an order denying the Movants' original motion to intervene without prejudice. Movants state that on February 15, 2019, the Court entered an order compelling Plaintiff to arbitrate the claims and stayed the litigation pending arbitration. Movants state that they are indispensable parties with regard to arbitration.

Defendants filed a Response [Doc. 54], arguing that Movants have not explained any legal basis for intervening in the arbitration.  Defendants state that Movants have not established that they have a right to intervene pursuant to Rule 24(a) or that they should be permitted to intervene under Rule 24(b).  Defendants argue that Movants failed to meet their burden to show that they are indispensable parties to the arbitration.  In addition, Defendants argue that Movants have not identified their purported claims as intervenors or any common issue of law or fact as required by Rule 24(c).

Plaintiff also filed a Response [Doc. 55], objecting to the Motion.  Plaintiff states that Movants have not cited any authority allowing them to intervene in the arbitration. Plaintiff argues that Movants have not met their burden under Rule 24(a)(2) or (b)(1) to intervene in the arbitration. Further, Plaintiff asserts that Movants failed to comply with Rule 24(c), which requires that a motion to intervene be "accompanied by a pleading that sets out the claim or defense for which intervention is sought."  [Doc. 55 at 2].  Finally, Plaintiff adopts its response to Movants' original motion to intervene.

Movants did not file a reply.

## II.  ANALYSIS

Accordingly, for the reasons explained below, the Court **RECOMMENDS** that Movants' Second Motion to Intervene [**Doc. 50**] be **DENIED**.

By way of background, Movants originally moved to intervene in this case on August 7, 2018, requesting intervention "if and only if the Motion to Dismiss by Defendants is denied." [Doc. 32 at 1].[1]  Defendants requested that the Court stay any decision on Movants' motion to

---

[1] Defendants' motion to dismiss requested that the Court dismiss the First Amended Complaint, or in the alternative, compel arbitration and stay the case pending arbitration.  It appears to the Court that Movants' original motion to intervene only contemplated intervening in this case if the case continued to be litigated in this Court.

2

intervene until the Court ruled on the motion to dismiss in light of the above quoted language. Movants did not respond to Defendants' motion to stay, so the Court denied the original motion to intervene without prejudice and granted Movants leave to refile the motion if the District Judge denied Defendants' motion to dismiss. On February 25, 2019, the District Judge granted in part and denied in part Defendants' motion to dismiss. [Doc. 49]. Specifically, the District Judge declined to dismiss the case, and instead, stayed the case and ordered the parties to arbitrate. Subsequently, and without seeking relief from the Court's order staying the proceeding, Movants filed the instant Motion that is now before the Court.

The Court acknowledges that this litigation arises from Defendants' alleged failure to pay Plaintiff the amounts that were owed to The Espinosa Group ("TEG") for TEG's work on a project. Specifically, Defendant Tutor Perini Corporation ("TPC") was the general contractor on a project, and TEG was the subcontractor. Later, Plaintiff entered into an agreement with TEG to lend TEG funds, and in exchange, TEG granted Plaintiff a security interest in its accounts receivables and other assets. Pursuant to several agreements between the parties and TEG, Defendants were supposed to pay Plaintiff the monies that were due to TEG. Defendants allegedly failed to pay Plaintiff such monies. Judge Varlan, when ordering arbitration, cited to a confidential settlement agreement between the parties and the subcontract signed in relation to the project between Defendant TPC and TEG.

The problem with Movants' current request is that they do not explain any legal or factual basis for intervening in the arbitration. Instead, they submit in a conclusionary fashion that they are indispensable parties. They do not explain why they are indispensable parties or whether it is appropriate to allow intervention in a case that has already been ordered to arbitration. *See ATAC Corp. v. Arthur Treachers, Inc.*, 280 F.3d 1091, 1103 (6th Cir. 2002) (explaining that after a case

3

is stayed pending arbitration, "the district court retains jurisdiction over collateral matters that do not require addressing the legal merits of the case"). "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n,* 59 F.3d 284, 293–94 (1st Cir. 1995)).[2] Thus, on the present filings, the Court cannot find Movants' request well taken.

## III. CONCLUSION

Accordingly, for the reasons further explained below, the Court **RECOMMENDS**[3] that Movants' Second Motion to Intervene [**Doc. 50**] be **DENIED**.

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[2] The Court notes that Movants' original motion sought relief under Rule 24(b), which permits intervention on a timely motion and if the proposed intervenor has a claim or defense that shares with the main action a common question of law or fact. The proposed intervenor has the burden to show intervention is appropriate. *Shy v. Navistar Int'l Corp.*, 291 F.R.D. 128, 138 (S.D. Ohio 2013). As discussed above, in the instant Motion, Movants do not cite to any statute or rule that would allow them to intervene in the arbitration. Further, Movants do not incorporate by reference their previous motion to intervene. The parties emphasized these deficiencies in their Responses [Docs. 54, 55], but Movants did not file a reply or attempt to cure such deficiencies. Thus, the Court finds that it is improper to engage in an analysis under Rule 24(b) because Movants have not sought relief pursuant to this specific Rule.

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).